IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> vs. <br><br> DEANTE S. JONES, <br><br> Defendant. | Case No. 21-CR-40048-SMY |

**ORDER**

This matter comes before the Court on Defendant Deante S. Jones' Motion for De Novo Review of Detention Order (Doc. 135), Memorandum In Support (Doc. 146), and the United States' Response In Opposition (Doc. 161). Having reviewed the parties' written submissions and attachments, including the transcript of the detention hearing, the Court finds that a hearing on the motion is unnecessary.

All criminal defendants have the right to be presumed innocent and the right to pretrial release. However, pretrial release may be denied if the Court determines there are no conditions of release that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. In making this determination, the Court considers several factors under 18 U.S.C.A. § 3142(g), including: the nature and circumstances of the offense charged; the weight of evidence against the criminal defendant; the history and characteristics of the person; and the danger to any person or the community that would be posed by the person's release. Additionally, if there is probable cause that a defendant committed a drug offense for which the maximum penalty is 10 years or more imprisonment, a rebuttable presumption arises in favor of detention. If the defendant rebuts the presumption, the Government must demonstrate

that no combination of conditions can reasonably assure the safety of the community and the appearance of the defendant.

Defendant is charged by Indictment with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He was arrested on June 17, 2021. A rebuttable presumption arises in this case because Defendant is subject to a maximum term of imprisonment of 10 years or more. 18 U.S.C. § 3142(e)(3).

During the detention hearing held on June 24, 2021, Defendant presented evidence that he has direct ties to this jurisdiction – he has been a life-long resident of Cairo, Illinois, and his family and children reside in the area. Defendant also owns a home in Cairo in which he plans on residing. He does not have a United States passport, has never travelled outside of the United States, and has no intention of travelling outside the jurisdiction. There is also no evidence that Defendant has been convicted of any violent crimes (although he has been arrested for at least two crimes of violence with the charges dismissed) or that he is on probation or parole at the time of the charged offense. Based on this evidence, Defendant has rebutted the presumption in favor of detention. Moreover, upon consideration of the §3142(g) factors, the undersigned finds that while the nature and circumstances of the offense and the weight of the evidence weigh in favor of detention, the Government has not met its burden to demonstrate by clear and convincing evidence that no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of any other person or the community.

Defendant is charged along with nine other individuals in an alleged methamphetamine distribution ring for which he may be subject to a lengthy term of incarceration and the evidence against him includes intercepted phone and text message conversations and video. At the same time, Defendant has significant family ties to the area; he is a lifelong resident of Cairo, Illinois

except for 18 months where he resided in Cape Girardeau, Missouri; he resides with his girlfriend and one-year old child in Cairo, his parents live in Cairo, and his other children and some of his siblings live in the area. He has purchased a home in Cairo and has supportive parents and family. Defendant has limited financial resources and has not travelled outside of the United States. As such, the undersigned does not find Defendant to be a flight risk.

In arguing that Defendant presents a danger to others and the community, the Government primarily relies on a video of Defendant in a hotel room with co-defendants Jaylen Vinson and Siquon D. Whitaker. The video shows Vinson handling and packaging methamphetamine while Defendant is "in the room tossing his one-year old child up and down" (Doc. 161, p. 7). The undersigned agrees with Magistrate Judge Daly's observation that Defendant's actions involving his child show an abysmal lack of judgment. That said, a lack of judgment in and of itself does render Defendant dangerous for purposes of § 3142(g).

Upon consideration of the statutory factors and evaluation of all available conditions and terms of release, the undersigned concludes that an appropriate combination of conditions of release will reasonably assure the Court of the Defendant's future attendance at all court proceedings and the safety of the community. Accordingly, the Court **GRANTS** Defendant's Motion for De Novo Review of Detention Order (Doc. 135) and **ORDERS** Defendant released subject to the conditions set forth in the accompanying order.

**IT IS SO ORDERED.**

**DATED:  August 5, 2021**

**STACI M. YANDLE**
**United States District Judge**