IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 21-cr-40048-SMY-3 |
| | ) |
| DEANTE S. JONES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Deante S. Jones was sentenced on February 23, 2023 to 120 months' imprisonment for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§§841(a)(1), 841(b)(1)(A), and 846 (Docs. 422, 424). Jones recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 529). Assistant Federal Public Defender G. Ethan Skaggs entered his appearance to determine Jones' eligibility for a sentence reduction (Doc. 532). Subsequently, AFPD Skaggs moved to withdraw, asserting that Jones was ineligible for a sentence reduction under Amendment 821 as he was assessed a 2-level increase to his offense level because he possessed a dangerous weapon during the offense, and as a result, he is not a Zero-Point Offender (Doc. 550). The Government filed a response also indicating that Jones was not entitled to a reduction (Doc. 551). Jones did not file an objection to the motion to withdraw.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B

creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Jones' total offense level at sentencing was 31, his criminal history category was I, and his Guidelines sentencing range was 120 to 135 months. Since Jones was assessed an increase to the offense level for possession of a dangerous weapon, he is not eligible for a reduction as a Zero-Point Offender under Amendment 821. Accordingly, the Motion to Withdraw (Doc. 550) is **GRANTED** and the Motion to Reduce Pursuant to Amendment 821 (Doc. 529) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: May 6, 2024**

STACI M. YANDLE
United States District Judge